IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| STEPHEN BLOOMER and KARLA HARKSEN, | ) Case No. 3:14-cv-00078-SMR-RAW ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| JOE CAFFREY, Scott County Deputy Sheriff; SCOTT COUNTY, IOWA; and OTHER DEFENDANTS UNKNOWN TO THE PLAINTIFFS AT THIS TIME, | ) ORDER GRANTING DEFENDANT ) SCOTT COUNTY'S ) MOTION TO DISMISS ) ) ) |
| Defendants. | ) |

Before the Court is a pre-answer Motion to Dismiss filed by Defendant Scott County on November 10, 2014. [ECF No. 11]. Along with its Motion to Dismiss, Scott County filed a supporting brief ("Defendant's Brief"). [ECF No. 11-1]. On December 1, 2014, *pro se* Plaintiffs Stephen Bloomer and Karla Harksen (collectively, "Plaintiffs") filed a resistance ("Plaintiffs' Response") together with a supporting memorandum ("Plaintiffs' Memorandum"). [ECF No. 17].[1] Scott County did not reply. The matter is submitted.

I. STANDARD OF REVIEW

Scott County seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides a motion to dismiss for "failure to state a claim upon which relief can be granted." Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard, and thus survive a motion to

---

[1] On December 5, 2014, Plaintiffs filed an errata to their Response. [ECF No. 20].

dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "is not akin to a 'probability requirement,'" it does demand "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).

Several principles guide courts assessing whether a complaint states a plausible claim for relief. *Braden*, 588 F.3d at 594. Courts must accept as true a plaintiff's factual allegations, but they need not accept as true a plaintiff's legal conclusions. *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010). They must draw all reasonable inferences in favor of plaintiffs. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Still more principles guide courts. They may look to documents attached to or incorporated within a complaint "to determine whether a plaintiff has stated a plausible claim." *Brown*, 628 F.3d at 459–60. And instead of parsing complaints to determine whether isolated allegations are plausible, courts should read complaints as a whole. *Braden*, 588 F.3d at 594. After all, evaluating a complaint "is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Consistent with these principles, the Supreme Court of the United States has developed a two-pronged approach for deciding whether a complaint states a plausible claim for relief. *Iqbal*,

556 U.S. at 679. First, courts should begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* After disregarding these conclusions, courts should assume the veracity of the remaining factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* "The facts alleged in the complaint 'must be enough to raise a right to relief above the speculative level.'" *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (quoting *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009)).

## II.  FACTS

Plaintiffs' allegations arise from the criminal investigation and prosecution of Bloomer. On June 21, 2013, members of the Scott County Sheriff's Office and Metropolitan Enforcement Group executed a search warrant. [ECF No.1, Compl. ¶ 9].[2] The warrant was executed on the residence of Harksen, Bloomer's mother.[3] *Id.* ¶¶ 10, 21. While executing the search warrant, law enforcement officers "confiscated" four weapons belonging to Harksen. *Id.* ¶ 20. Those weapons were then used as the basis for charging Bloomer with being a felon in possession of firearms, a violation of Iowa Code § 724.26. *Id.* ¶ 21.

Bloomer moved to dismiss the charge against him, but the judge denied the motion "by ignoring precedent, statutes, and the Constitution." *Id.* ¶ 24. On information and belief, Plaintiffs

---

[2] Plaintiffs allege Iowa District Court Judge Henry W. Latham II signed the search warrant, [Compl. ¶ 9], and they initially named him as a Defendant to this action. *Id.* Following Judge Latham's filing of a motion to dismiss, the Court on August 8, 2014, dismissed Judge Latham as absolutely immune. [ECF No. 7 at 3].

[3] It is not clear from the face of the Complaint whether Bloomer also lived at this residence at the time the warrant was executed. The Complaint indicates Bloomer and Harksen currently both reside at 1427 1/2 Jersey Ridge Road in Davenport, Iowa, *id.* ¶¶ 2–3, but there is no indication that this was the residence on which the warrant was executed on June 21, 2013.

allege Defendants Scott County and Joe Caffrey regularly "over charge" defendants in criminal cases "to bludgeon them into 'plea bargains.'" *Id.* ¶ 23.  Invoking 42 U.S.C. § 1983, Plaintiffs assert two claims: (1) bad faith prosecution of Bloomer, *id.* ¶¶ 25–27; and (2) illegal confiscation of property belonging to Harksen, *id.* ¶¶ 28–29.  Plaintiffs seek compensatory and punitive damages, as well as declaratory and injunctive relief.  *Id.* at 7, ¶¶ 2–5.

## III.  DISCUSSION

### *A.  Motion to Dismiss*

Scott County argues it should be dismissed from this action because Plaintiffs' Complaint fails to state a claim against it.  [Mot. to Dismiss at 1–2].  Scott County notes that the Complaint names it as a Defendant; however, the Complaint "makes no allegations whatsoever against" it.  *Id.* at 1.  Scott County thus assumes Plaintiffs are claiming it is liable for the actions of its employee Defendant Caffrey under a *respondeat superior* theory.  [Def.'s Br. at 2].  Citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), Scott County argues *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983.  *Id.*

In response, Plaintiffs make two points.  First, they assert it should be self-evident they did not mention *respondeat superior* in their Complaint.  [Pls.' Mem. at 1].  Second, they argue their Complaint "alleges quite clearly that Defendant Scott County has a policy and/or practice of depriving its citizens of life, liberty, and property without due process of law."  *Id.* at 2.  Following these assertions, Plaintiffs' Memorandum embarks on a recitation of "Bloomer's experience with the policy and practice (so far) of the Scott County Government."  *Id.* at 2–6.  Relying on a decision of the United States Court of Appeals for the Eighth Circuit, they conclude "[t]he law in this regard is quite clear."  *Id.* at 6 (citing *Granda v. City of St. Louis*, 472 F.3d 565, 568–69 (8th Cir. 2007)).

Insofar as they identify the law governing municipal liability for § 1983 claims, both sides are correct. Scott County is correct that a "municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *see, e.g.*, *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013) ("[I]t is well established 'that a municipality cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor.'" (quoting *Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007))). Consequently, Plaintiffs' claim against Scott County, to the extent it relied on *respondeat superior*, would have failed, even had Plaintiffs not disavowed it.

Plaintiffs are correct that "[a] claim brought against a municipality under § 1983 is sustainable only if a constitutional violation has been committed pursuant to an official custom, policy, or practice of the city, or is so pervasive among non policymaking employees of the municipality so as to constitute a custom or usage with the force of law." *Granda*, 472 F.3d at 568 (internal citations and quotation marks omitted); *see Atkinson*, 709 F.3d at 1214 (noting grounds on which municipal liability under § 1983 may attach). As Scott County notes, however, Plaintiffs' Complaint does not contain a single factual allegation against it; therefore, the Complaint does not support a reasonable inference Scott County had any custom, policy, or practice from which a constitutional violation could have resulted.

Plaintiffs' Memorandum asserts Scott County has a policy or practice of depriving citizens of their property without due process. It also includes four and a half pages of new allegations aimed at illustrating this claimed policy or practice. The Eighth Circuit recognizes that "[i]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even

without filing an amendment, and simply by raising a point in a brief." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (internal quotation and citation omitted). Accordingly, the Court will not consider these new allegations in deciding whether Plaintiffs' Complaint states a claim against Scott County. Accepting as true the factual allegations contained in the Complaint and construing it liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (internal citation and quotation marks omitted)), the Court concludes Plaintiffs have failed to plead factual content supporting a reasonable inference Scott County is liable for the alleged misconduct.

### B. Opportunity to Amend

Plaintiffs did not ask for an opportunity to amend their Complaint to rectify its deficiencies; nevertheless, because they are acting *pro se*, the Court believes the opportunity should be granted. *See Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (remanding with instructions to permit amendment in civil rights case because the inadequate complaint's deficiencies might be cured); *Nickens v. White*, 536 F.2d 802, 804 (8th Cir. 1976) (instructing district court on remand to allow *pro se* plaintiff "an opportunity to amend his complaint to allege facts which will cure the defects in his due process claims"); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) ("[D]istrict courts should not dismiss *pro se* complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case."). Plaintiffs shall have the opportunity to file an amended complaint to cure the defects in their claim against Scott County.[4]

---

[4] The Court recognizes the date for filing amended pleadings set by the Order Adopting Scheduling Order and Discovery Plan and Setting Trial and Final Pretrial Conference has passed.
(continued...)

IV. CONCLUSION

For the foregoing reasons, Scott County's Motion to Dismiss [ECF No. 11] is GRANTED. The Court, however, believes it is appropriate to permit Plaintiffs an opportunity to file an amended complaint that adequately pleads their claim against Scott County. Accordingly, Plaintiffs shall have to and including March 13, 2015, to file an amended complaint. Defendants then shall have to and including March 27, 2015, to file an answer or otherwise respond to the amended complaint.

IT IS SO ORDERED.

Dated this 27th day of February, 2015.

STEPHANIE M. ROSE
UNITED STATES DISTRICT JUDGE

---

[4](...continued)
[ECF No. 19 ¶ 2]. This Order should not be understood as altering that date; rather, it should be understood as permitting Plaintiffs the opportunity to file an amended complaint to cure the defects in their claim against Scott County only. No other amendments will be permitted, except as set forth below.

The Court also recognizes Plaintiffs have named "Defendants Unknown." "[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995); *see Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) ("Rather than dismissing the claim, the court should have . . . permitted the plaintiff to identify the officer through discovery."). Plaintiffs will be permitted to attempt to identify those "Defendants Unknown" through discovery, which the Order Adopting Scheduling Order directed shall be concluded by July 15, 2015. [ECF No. 19 ¶ 5]. If through discovery Plaintiffs identify those individuals, Plaintiffs shall have 14 days to seek the Court's leave to add them. Plaintiffs must seek leave to add those individuals on or before July 29, 2015. As with the opportunity to amend the claim against Scott County, the opportunity to identify and amend to add the "Defendants Unknown" should not be understood as altering the date for filing amended pleadings. Nor should it be understood as altering the date for adding parties, which has likewise passed. *Id.* ¶ 1. No other amendments will be permitted and no other parties may be added.